UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>Defendants. | Case No. 2:23-cv-03682-RGK-PVC<br><br>**STIPULATION FOR ENTRY OF JUDGMENT**<br><br>Action Filed:   May 15, 2023<br>Trial Date:      May 14, 2024 |

   Plaintiff United States Securities and Exchange Commission ("SEC") and defendant Red Rock Secured, LLC ("Defendant") hereby stipulate to the entry of proposed judgement ("Proposed Judgment") as to Defendant. A copy of the Proposed Judgment to which Defendant has consented is attached as Exhibit 1.

   WHEREFORE, the SEC and Defendant have agreed, in partial settlement of the SEC's claims, to entry of the Proposed Judgment. Attached as Exhibit 2 is the Consent signed by the Defendant in which Defendant agrees to the relief sought in the Proposed Judgment.

   WHEREFORE, the Proposed Judgment eliminates the need to litigate the merits of Defendant's liability. It also permanently enjoins Defendant from violating those provisions of the federal securities laws at issue in the Amended Complaint.

   WHEREFORE, the Proposed Judgment further provides that the monetary relief sought by the SEC—disgorgement, prejudgment interest, and civil penalty—shall be resolved at a later date, either through further consent judgment approved by

the Court or by the Court's resolution of the SEC's contested motion for monetary relief. For the purpose of any such motion, the parties agree that the Court shall accept the allegations in the Amended Complaint as true. This type of partial settlement, a regular form of resolution of SEC enforcement actions, is often referred to as a "bifurcated settlement" and has been regularly approved by courts. *See, e.g., SEC v. JT Wallenbrock & Associates,* 440 F.3d 1109, 1112 (9th Cir. 2006) (affirming grant by district court of disgorgement, prejudgment interest, and civil penalties where defendant had previously consented to entry of permanent injunction and agreed not to contest or deny allegations in the SEC's complaint); *SEC v. Griffith,* No. 20-CV-124, 2021 WL 6551385, at *1 (C.D. Cal. Nov. 18, 2021) (granting motion for financial remedies following consent to bifurcated settlement and agreement not to contest or deny allegations in the SEC's complaint).

      WHEREFORE, pursuant to Fed.R.Civ.P. 54(b), the SEC and Defendant stipulate and agree that there exists no just reason for delay in entering the Proposed Judgment because entry of the Proposed Judgment will resolve the claims against Defendant, except as to the amount of any monetary relief (to be decided by consent judgment or motion).

      WHEREFORE, in its Consent, Defendant agrees that the SEC "may present the [Proposed] Judgment to the Court for signature and entry without further notice." (Ex. 2 ¶ 15).

For these reasons, the SEC and Defendant hereby stipulate and submit the Proposed Judgment for entry by the Court.

Dated: March 4, 2024

**FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**

/s/ Jack Kaufman
Jack Kaufman
Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-0106

**FOR DEFENDANT RED ROCK SECURED, LLC**

/s/ Joseph Costa
Joseph Costa
Costa Law
17383 Sunset Blvd #A-430
Pacific Palisades, CA 90272
(310 394-6611

## ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Jack Kaufman
Jack Kaufman
Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-0106

4

STIPULATION FOR ENTRY
OF JUDGMENT

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
100 Pearl Street, Suite 20-100, New York, NY 10004-2616
Telephone No. (212) 336-0106

On March 4, 2024, I caused to be served the document entitled **STIPULATION FOR ENTRY OF JUDGMENT** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 4, 2024         */s/ Jack Kaufman*
                            Jack Kaufman