UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03682-RGK-PVC | Date | March 29, 2024 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Red Rock Secured, LLC et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Defendants' Alleged Investment Adviser Status

On August 11, 2023, the Securities and Exchange Commission ("SEC" or "Plaintiff") filed the operative First Amended Complaint ("FAC") in this civil enforcement action against Red Rock Secured, LLC ("Red Rock"), Sean Kelly, Anthony Spencer, and Jeffrey Ward. (ECF No. 37.) Among other things, Plaintiff alleges that Spencer and Ward ("Defendants") violated of Sections 206(1) and 206(2) of the Investment Advisers Act, 15 U.S.C. §§ 80b-6(1)–(2).

On December 11, 2023, Defendants moved for summary judgment.[1] (ECF Nos. 57, 58.) Although they do not explicitly say so, Defendants appear to argue that dismissal of the Investment Advisers Act claims is warranted because they are not investment advisers. Defendants make similar arguments in their Oppositions to Plaintiff's Motion for Summary Judgment. Under the Investment Advisers Act, an investment adviser is:

> [A]ny person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities . . . ."

15 U.S.C. § 80b-2(a)(11). Notwithstanding this broad definition, the Act exempts numerous professionals from the definition of "investment adviser," including:

> [A]ny broker or dealer whose performance of such services is solely incidental to the conduct of his business as a broker or dealer and who receives no special compensation

---

[1] Spencer and Ward filed separate Motions for Summary Judgment. Because Spencer and Ward advance virtually identical arguments, the Court addresses the Motions simultaneously.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | March 29, 2024 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

therefore . . . [or] such other persons not within the intent of this paragraph, as the Commission may designate by rules and regulations or order.

*Id.*

Although Defendants make no mention of this so called "broker-dealer exemption" in their Motions, they refer to it in their Oppositions. In particular, Defendants cite *Thomas v. Metropolitan Life Insurance Co.*, a leading case on this issue. 631 F.3d 1153 (10th Cir. 2011). In *Thomas*, the plaintiffs met with a financial services representative ("FSR") employed by a life insurance company. The FSR "analyzed [plaintiffs'] financial situation and advised them on how to allocate the funds in their 401(k)." *Id.* at 1157. In providing these services to the plaintiffs, the FSR completed an analysis, as required by his employer, to ensure that his recommendations were sound. *Id.* The FSR was not compensated upon preparing this report. *Id.* The plaintiffs purchased an insurance policy from the FSR's employer based on his recommendations. *Id.* As compensation, the FSR received a portion of the policy premiums, as well as a $500 "production credit." *Id.*

The Tenth Circuit affirmed the district court's finding that the FSR fell within the Investment Adviser Act's broker-dealer exemption because (1) his advice was "solely incidental" to his business and (2) he did not receive "special compensation" for the advice he gave. *Id.* at 1161 (referring to 15 U.S.C. §80b-2(a)(11)). The court suggested that the FSR's advice was "solely incidental" to the sale of the insurance policy because his advice was connected to the sale. *Id.* The FSR was not specially compensated for his advice because "compensation in the form of brokerage commissions—which is received for the sale of a product—is not 'special compensation,' even when the transaction leading to the sale involved investment advice." *Id.*

*Thomas* appears readily applicable here, where Spencer and Ward allegedly: (1) advised prospective customers to sell securities and reinvest those funds in precious metals and (2) were compensated commensurately with the quantity of metals they sold.[2] Moreover, *Thomas* appears consistent with the SEC's own Release, which compares and contrasts the role of broker-dealers with investment advisers as follows:

> Broker-dealers typically provide transaction-specific recommendations and receive compensation on a transaction-by-transaction basis (such as commissions) ("transaction-based" compensation or model). A broker-dealer's recommendations may include recommending transactions where the broker-dealer is buying securities from or selling securities to retail customers on a principal basis or recommending proprietary products.

---

[2] The Court understands that the parties dispute whether Spencer and Ward were compensated based on individually earned commissions or if they shared in Red Rock's profits as a whole. If the resolution of this fact would impact Spencer's or Ward's status as a broker-dealer, the Parties should address this issue in their responses to this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | March 29, 2024 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

Investment advisers, on the other hand, typically provide ongoing, regular advice and services in the context of broad investment portfolio management, and are compensated based on the value of assets under management ("AUM"), a fixed fee or other arrangement ("fee-based" compensation or model).

SEC, Regulation Best Interest: The Broker-Dealer Standard of Conduct, Release No. 34-86031 at 3 (June 5, 2019).

Despite the apparent applicability of the broker-dealer exemption, Plaintiff summarily dismisses it in its Reply, stating in conclusory fashion that the broker-dealer exemption is "not relevant here." (Reply in Support of Summ. J. as to Spencer at 10, ECF No. 111; Reply in Support of Summ. J. as to Ward at 10, ECF No. 112.) The Court is not so easily persuaded. Accordingly, the Court **ORDERS** the parties to **show cause in writing** why or why not Defendants are properly classified as investment advisers as defined by the Act. Such responses shall be filed by **Tuesday, April 2, 2024 at 4:00pm** and shall not exceed **five pages**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |