JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>Defendants. | Case No. 2:23-cv-3682-RGK-PVC<br><br>**FINAL JUDGMENT AS TO DEFENDANTS RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD** |

The Securities and Exchange Commission ("SEC") having filed an Amended Complaint and Defendants Red Rock Secured, LLC ("Red Rock"), Sean Kelly ("Kelly"), Anthony Spencer ("Spencer"), and Jeffrey Ward ("Ward" and, together with Red Rock, Kelly, and Spencer, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using

any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by, while acting as an investment adviser and by the use of any means or instruments of interstate commerce, directly or indirectly:

    (a) employing any device, scheme, or artifices to defraud any client or prospective client; or

    (b) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Kelly is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Red Rock is liable for disgorgement of $50,150,000, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $6,110,000, and a civil penalty in the amount of $10,000,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant Red Rock shall satisfy this obligation by paying $66,260,000 to the SEC within 30 days after entry of this Final Judgment. Defendant Red Rock shall receive an offset ("Offset") equal to the payment made against its monetary payment obligations under this Judgment for any payments Red Rock makes in satisfaction of its payment obligations under any final judgment entered against it in *CFTC et al. v. Red Rock Secured, LLC, et al.*, Civil Action No. 2:23-CV-03680-RGK-PVC (C.D. Cal.) ("CFTC Judgment"). Proof of the amounts of any such Offset shall be provided by Defendant Red Rock in a manner acceptable to the Commission and filed on the public docket in this action not later than 14 days after the payment of any such Offset.

///

Defendant Red Rock may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Red Rock may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch 6500
South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Red Rock as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Red Rock shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action for any payments it makes under this Judgment and under the CFTC Judgment. By making this payment, Defendant Red Rock relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Red Rock.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Red Rock shall pay post judgment interest on any amounts due after 30 days of the entry of this Final

Judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively with the funds paid by Defendants Kelly, Spencer, and Ward pursuant to paragraphs V, VI, and VII below, and any interest and income earned thereon, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Red Rock shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Red Rock's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Red Rock's payment of a civil penalty in this action ("Red Rock Penalty Offset"). If the court in any Related Investor Action grants such a Red Rock Penalty Offset, Defendant Red Rock shall, within 30 days after entry of a final order granting the Red Rock Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Red Rock Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Red Rock by or on

///

behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kelly is liable for disgorgement of $1,841,727.89, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $224,241.37, and a civil penalty in the amount of $1,500,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant Kelly shall satisfy this obligation by paying $3,565,969.26 to the SEC within 30 days after entry of this Final Judgment. Defendant Kelly shall receive an Offset equal to the payment made against his monetary payment obligations under this Judgment for any payments Defendant Kelly makes in satisfaction of his payment obligations under the CFTC Judgment. Proof of the amounts of any such Offset shall be provided by Defendant Kelly in a manner acceptable to the Commission and filed on the public docket in this action not later than 14 days after the payment of any such Offset.

Defendant Kelly may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Kelly may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch 6500
    South MacArthur Boulevard
    Oklahoma City, OK 73169

///
///

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kelly as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Kelly shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action for any payments he makes under this Judgment and under the CFTC Judgment. By making this payment, Defendant Kelly relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Kelly.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Kelly shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon, pending further order of the Court.

Regardless of whether a Fair Fund distribution is made (as described in paragraph IV above), amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Kelly shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Kelly's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Kelly's payment of a civil penalty in this action ("Kelly Penalty Offset"). If

1 | the court in any Related Investor Action grants such a Kelly Penalty Offset, Kelly
2 | shall, within 30 days after entry of a final order granting the Kelly Penalty Offset,
3 | notify the SEC's counsel in this action and pay the amount of the Kelly Penalty
4 | Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a
5 | payment shall not be deemed an additional civil penalty and shall not be deemed to
6 | change the amount of the civil penalty imposed in this Judgment. For purposes of
7 | this paragraph, a "Related Investor Action" means a private damages action
8 | brought against Kelly by or on behalf of one or more investors based on
9 | substantially the same facts as alleged in the Amended Complaint in this action.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Spencer is liable for disgorgement of $2,156,905.15, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $262,616.15, and a civil penalty in the amount of $580,478.70 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant Spencer shall satisfy this obligation by paying $3,000,000 to the SEC within 30 days after entry of this Final Judgment. Defendant Spencer shall receive an Offset equal to the payment made against his monetary payment obligations under this Judgment for any payments Defendant Spencer makes in satisfaction of his payment obligations under the CFTC Judgment. Proof of the amounts of any such Offset shall be provided by Defendant Spencer in a manner acceptable to the Commission and filed on the public docket in this action not later than 14 days after the payment of any such Offset.

Defendant Spencer may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Spencer may also

pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

    Enterprise Services Center

    Accounts Receivable Branch 6500

    South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Spencer as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

    Defendant Spencer shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action for any payments he makes under this Judgment and under the CFTC Judgment. By making this payment, Defendant Spencer relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Spencer.

    The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

    The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Spencer shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon, pending further order of the Court.

    Regardless of whether a Fair Fund distribution is made (as described above in paragraph IV), amounts ordered to be paid as civil penalties pursuant to this

Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Spencer shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Spencer's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Spencer's payment of a civil penalty in this action ("Spencer Penalty Offset"). If the court in any Related Investor Action grants such a Spencer Penalty Offset, Spencer shall, within 30 days after entry of a final order granting the Spencer Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Spencer Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Spencer by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ward is liable for disgorgement of $1,224,215.28, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $149,055.46, a civil penalty in the amount of $230,464 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and post-judgment interest (if accrued). Defendant Ward shall satisfy this obligation by paying $1,603,734.74 to the SEC within 30 days after entry of this Final Judgment.

///

Defendant Ward may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Ward may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

Enterprise Services Center

Accounts Receivable Branch 6500

South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ward as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Ward shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant Ward relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Ward.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Ward shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon, pending further order of the Court.

Regardless of whether a Fair Fund distribution is made (as described above in paragraph IV), amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Ward shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Ward's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Ward's payment of a civil penalty in this action ("Ward Penalty Offset"). If the court in any Related Investor Action grants such a Ward Penalty Offset, Ward shall, within 30 days after entry of a final order granting the Ward Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Ward Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Ward by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' respective Consents are incorporated herein with the same force and effect as if fully set forth herein, and that each Defendant shall comply with all of the undertakings and agreements set forth in its or his respective Consent.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment

interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. Because the parties have resolved this matter in its entirety, the Court VACATES all future dates associated with this case and INSTRUCTS the Clerk to close the case.

Dated: 4/23/2024

*/s/ Gary Klausner*

HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE