THE TORREY FIRM PC
JUDD GRUTMAN, State Bar No. 275304
  *judd@torreyfirm.com*
REBECCA L. TORREY, State Bar No. 153866
  *rebecca@torreyfirm.com*
1626 Montana Avenue, Suite 647
Santa Monica, California 90403
Telephone: (310) 310-2992
Facsimile: (424) 414-1712

Attorneys for Defendants
ANTHONY SPENCER and
JEFFREY WARD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiffs,<br><br>    v.<br><br>RED ROCK SECURED, LLC; SEAN KELLY; ANTHONY SPENCER; AND JEFFREY WARD<br><br>        Defendants. | Case No. 2:23-cv-03682 RGK-PVC<br><br>[Assigned to the Hon. R. Gary Klausner and Magistrate Judge Pedro V. Castillo]<br><br>**DESIGNATING PARTY'S DECLARATION PURSUANT TO L.R. 79-5.2.2(b) IN SUPPORT OF PLAINTIFF'S APPLICATION TO SEAL**<br><br>Judge: Hon. R. Gary Klausner<br>Date:  Postjudgment<br>Place:  Courtroom 850, 8th Floor |

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

## DECLARATION OF DESIGNATING PARTY

I, Judd Grutman, declare as follows:

1.      I am counsel at The Torrey Firm PC and am duly admitted to practice before this Court.  I am counsel of record for Defendant Anthony Spencer ("Defendant" or "Mr. Spencer").  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2.      I submit this Declaration pursuant to L.R. 79-5.2.2(b)(i) for Mr. Spencer as the Designating Party in support of sealing the documents that are the subject of Plaintiff Securities and Exchange Commission's ("SEC") Application to File Under Seal, filed on November 22, 2024, ECF No.153 ("Application to Seal").

3.      I respectfully request on behalf of Mr. Spencer that the Court seal in their entirety such documents for the good cause that exists as detailed herein. The Application to Seal, in effect, seeks the Court's approval for SEC to file publicly confidential and personally identifiable information produced pursuant to a protective order in this action with minimal redactions. SEC does not want to file anything under seal, nor does it care about the harm caused by its actions.

4.      The parties in this case entered into a Stipulated Protective Order ("Protective Order") on or about October 18, 2023, a true and correct copy of which is attached hereto as Exhibit 1. The Protective Order protects from public disclosure documents and information entitled to confidential treatment under state and federal laws. The Protective Order contains a "Good Cause Statement" concerning confidential, commercially sensitive, and personally identifiable information "protected under the Privacy Act of 1974, 5 U.S.C. § 552a, the laws of the States, or other confidential research, development, or

1

DECLARATION OF DESIGNATING PARTY ANTHONY SPENCER'S
DECLARATION IN SUPPORT OF APPLICATION TO SEAL

commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G)…" and the parties' respective entitlement to keep such information confidential.

5.      The parties further acknowledged by way of the Protective Order their obligation to follow L.R. 79-5 when seeking permission from the Court to file material under seal.

6.      This case was settled along with another federal case filed by the CFTC. All parties in both cases participated in a full day mediation with mediator federal Magistrate Judge Patrick Walsh (ret.) on March 16, 2024. Throughout the settlement process, we advised the agencies through Judge Walsh that Mr. Spencer was unable to pay the settlement amount. That was clearly communicated to SEC by Judge Walsh, who assured Mr. Spencer that the agency would agree to a reasonable payment plan. Without assurances of a reasonable monthly payment plan, Mr. Spencer would not have agreed to the stipulated judgment as he was and is financially unable to pay a multi-million-dollar judgment.

7.      In the months that followed, we have worked with SEC on Mr. Spencer's behalf to arrange a payment plan for him pursuant to the settlement between the parties, including confidentially submitting a personal financial statement and producing documents in response to post-judgement discovery and in response to subpoenas to his family trust and a small corporation established years ago for consulting services.

8.      On August 27, 2024, we confidentially submitted a Statement of Financial Condition on behalf of Mr. Spencer on the form provided to us by SEC, along with more than 400 pages of supporting documents with personally identifying information of Mr. Spencer, his wife and minor children redacted. A true and correct copy of our office's

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF APPLICATION TO SEAL

1  transmittal email on Mr. Spencer's behalf is attached hereto as Exhibit
2  2. (Exhibit 2 does not include the highly confidential Statement of
3  Financial Condition and supporting documents provided to SEC for a
4  negotiated payment plan.)

5       9.     SEC confirmed receipt of Mr. Spencer's submission of his
6  Statement of Financial Condition and accompanying documents. SEC
7  did not challenge Mr. Spencer's confidential designations.

8       10.    On September 9, 2024, we received correspondence from SEC,
9  a true and correct copy of which is attached hereto as Exhibit 3. SEC
10 insisted that Mr. Spencer respond to Requests for Production and
11 requested that Mr. Spencer provide unredacted copies of the documents
12 supporting the Statement of Financial Condition that he produced in lieu
13 of the Requests for Production (as had been previously agreed upon by
14 SEC), without redacting any of the personally identifying information
15 such as his social security number, residential address, and full account
16 numbers. The only information that was not required by SEC were the
17 social security numbers of Mr. Spencer's minor children and wife.

18      11.    On October 11, 2024, Mr. Spencer confidentially submitted
19 additional documents to SEC in response to the agency's post-judgment
20 discovery requests and subpoenas marked confidentially pursuant to the
21 Court's Protective Order. SEC did not challenge Mr. Spencer's
22 confidential designations. Attached hereto as Exhibit 4 is a true and
23 correct copy of our transmittal email to SEC on Mr. Spencer's behalf.

24      12.    Mr. Spencer has complied with SEC's requests for detailed
25 financial information about assets and liabilities of himself and his
26 family, including the family trust and his consulting entity. Nothing
27 requested was withheld.

28      13.    On October 29, 2024, I spoke with SEC regarding additional

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

documents the agency requested our office gather on Mr. Spencer's behalf following the deposition the agency conducted of Mr. Spencer on October 23, 2024. Counsel for SEC informed me during this conversation that SEC intended to move for contempt against Mr. Spencer unless he agreed to SEC's seven figure demand and terms.

14.    On November 7, 2024, we received correspondence from SEC attaching some exhibits the agency intended to file with its motion for contempt ("Motion Exhibits"). SEC indicated it believed filing the Motion Exhibits under seal was not warranted under the terms of the Court's Protective Order and its proposed redactions were sufficient. SEC requested input from Mr. Spencer. A true and correct copy of SEC's correspondence is attached hereto as Exhibit 5.

15.    The initial Motion Exhibits included in SEC's November 7, 2024, correspondence included: a) Mr. Spencer's confidential Statement of Financial Condition submitted to SEC post-judgment to establish a negotiated payment plan; b) an amended irrevocable trust document involving Mr. Spencer's family; c) excerpts from the October 23, 2024, post-judgment deposition SEC conducted of Mr. Spencer regarding his Statement of Financial Condition; d) a printout from Zillow describing and depicting Mr. Spencer and his family's personal residence; and e) a year of bank statements from Bank of America for the family trust.

16.    On November 11, 2024, I notified SEC that filing under seal was warranted for the Motion Exhibits and explained my rationale under the terms of the Protective Order. A true and correct copy of my correspondence is attached hereto as Exhibit 6. The documents SEC seeks to file publicly are documents containing detailed financial information about Mr. Spencer and his family, his family trust, his family's residence, and personally identifying information of Mr. Spencer

4

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

and his family, including minor children protected from public disclosure by the Court's Protective Order and California and federal privacy laws.

17.    On November 12, 2024, we received correspondence from SEC in which the agency disagreed that sealing the Motion Exhibits was warranted and contested the applicability of the Protective Order and the existence of compelling reasons to bar public disclosure of the Motion Exhibits. The agency mistakenly contends the "good cause" standard does not apply to the Motion Exhibits, even though it contradicts Ninth Circuit authority concerning protected documents attached to non-dispositive motions. A true and correct copy of SEC's correspondence is attached hereto as Exhibit 7. The motion for contempt the SEC plans to file is a post-judgment motion after final disposition of the merits of the case. It implicates no cause of action nor the merits of the claims. To the best of our knowledge, it is a motion by SEC to point out to the Court that Mr. Spencer has been unable to date to pay the judgment and seek the Court's assistance in compelling compliance, even though Mr. Spencer lacks the resources to pay the stipulated judgment.

18.    On November 13, 2024, I sent correspondence to SEC explaining why good cause existed to seal the Motion Exhibits as private material from post-judgment discovery conducted pursuant to the Protective Order. I cited authorities discussed herein, and reminded SEC it had not challenged Mr. Spencer's confidential designations and not presented a compelling reason for highly confidential personally identifying information and detailed financial records of Mr. Spencer, his family and the family trust, to be publicly disclosed in this case. A true and correct copy of my letter to SEC is attached hereto as Exhibit 8.

19.    Later that day I received correspondence from SEC indicating it would move forward with its Application to Seal. A true and correct

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1    copy of the agency's correspondence is attached hereto as Exhibit 9.

2         20.    On November 15, 2024, we received correspondence from SEC

3    attaching additional potential Motion Exhibits. SEC once again indicated

4    it believed filing the Motion Exhibits under seal was not warranted and

5    its proposed redactions were sufficient. A true and correct copy of SEC's

6    correspondence is attached hereto as Exhibit 10.

7         21.    The additional Motion Exhibits included in SEC's November

8    15, 2024, correspondence included: a) another irrevocable trust document

9    involving Mr. Spencer's family; b) more recent bank statements from

10   Bank of America for the family trust; c) recent monthly statements from

11   an Amazon Prime credit card held by Mr. Spencer's wife and used for

12   family purchases; and d) recent statements from Apple credit cards,

13   including a card held by Mr. Spencer's minor child, used for family

14   purchases.

15        22.    I responded later that day to SEC, explaining that sealing the

16   proposed Motion Exhibits was warranted pursuant to the Protective

17   Order and Ninth Circuit caselaw authorizing good cause for sealing

18   confidential discovery materials unrelated to the merits of the case and

19   attached to nondispositive motions. A true and correct copy of my

20   November 15, 2024, correspondence is attached hereto as Exhibit 11.

21        23.    Based on our review of the Motion Exhibits, SEC's attempt to

22   protect confidential information in this case is inadequate.

23        24.    Good cause (and compelling reasons), exist to seal the Motion

24   Exhibits in their entirety. These documents contain both party and non-

25   party personally identifiable and sensitive information that is irrelevant

26   to causes of action in this case against Mr. Spencer, let alone appropriate

27   for public consumption

28        25.    Good cause exists to seal each of the Motion Exhibits

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

associated with SEC's non-dispositive motion for contempt. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see* Fed. R. Civ. P., Rule 26(c); *see also, e.g., Apple Inc. v. Samsung Elec. Co. Ltd.*, 727 F.3d 1214, 1222–23 (Fed. Cir. 2013) (holding the district court erred by requiring "compelling reasons" rather than "good cause" for documents attached to non-dispositive motions).

26.    First, the strong presumption of public access does not apply to each of the Motion Exhibits since they are not judicial records but documents containing significant amounts of sensitive information under the umbrella of personally identifiable information that were "unearthed during discovery." *Kamakana*, 447 F.3d at 1172; Cal. Fam. Code § 7643(a); Cal. Welf. & Inst. Code § 827(a)(1); Cal. Civ. Code § 56.10. The appropriate standard here is the "good cause" standard of Rule 26 of the Federal Rules of Civil Procedure generally associated with discovery material attached to non-dispositive motions. *See Phillips v. General Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002). Within the Ninth Circuit, a "good cause" showing suffices to seal documents produced in discovery. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); Fed.R.Civ.P. 26(c) (stating if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). The "good cause" standard requires the moving party to show, "for each particular document it seeks to protect, . . . that specific prejudice or harm will result." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). However, "[w]hen a court grants a protective order for information produced during

7

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF APPLICATION TO SEAL

discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1213.

27.    Second, the Motion Exhibits are "not directly relevant to the merits of the case." *Kamakana*, 447 F.3d at 1180. They are documents containing detailed financial information produced by Mr. Spencer about himself, his family, the family trust and a consulting entity as post-judgment discovery for assessment and agreement to a negotiated monthly payment plan towards the stipulated judgement. The threatened motion for contempt is not a dispositive motion on the merits of the case. Under these circumstances, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Foltz*, 331 F.3d at 1135 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199 (1984)). The Motion Exhibits were never requested through pre-judgment discovery about the claims or defenses by SEC or CFTC, are irrelevant to the merits of the underlying claims, and were not obtained for presentation in a dispositive motion or at trial. The Motion Exhibits relate solely to Mr. Spencer's current ability to pay the stipulated judgment under Rule 69, as SEC advised, and involve significant amounts of legally protected personally identifiable information related to Mr. Spencer and his family.

28.    Third, and contrary to SEC's belief, the Protective Order applies to the Motion Exhibits, *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1213, and the Motion Exhibits are sealable because they "might be used to gratify private spite or promote public scandal, to circulate

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF APPLICATION TO SEAL

1    libelous statements, or as sources of business information that might

2    harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at

3    1097. Courts have recognized even "compelling reasons" to seal the home

4    addresses, social security or driver's license numbers, dates of birth,

5    family information, or similarly sensitive information to avoid exposing

6    defendants and their families to harm. *See, e.g., Kamakana*, 447 F.3d at

7    1184. Here, the Motion Exhibits contain significant amounts of sensitive

8    information under the umbrella of personally identifiable information.

9        29.    Good cause exists to seal each of the Motion Exhibits. More

10   specifically:

11           a. <u>Exhibit 1</u>: Mr. Spencer's Statement of Financial

12              Condition, which provides unredacted disclosure of all of

13              Mr. Spencer, his family, and his family trust assets,

14              income, liabilities, budget, and other personal financial

15              information including types of accounts, financial

16              institutions where account are located and full account

17              numbers. The only redactions proposed by SEC are of

18              Mr. Spencer and his wife's full social security numbers

19              and the names of their minor children. This document

20              giving a full picture of their financial condition and

21              family expenditures is highly sensitive and personal and

22              would harm, embarrass and potentially subject Mr.

23              Spencer and his family to improper purposes, like fraud,

24              identity theft, robbery, personal harm and other

25              retribution. It also could cause significant expense to

26              Mr. Spencer and his family to protect themselves from

27              the misuse of their personally identifiable information.

28           b. <u>Exhibits 2 & 18</u>: Amended irrevocable trust documents

9

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1    for the benefit of Mr. Spencer's minor children, for

2    which there is no reason to grant public access. The

3    trust documents reflect the private priorities and

4    objectives of the family trust, are highly personal and

5    sensitive and relate principally to Mr. Spencer's minor

6    children, the sole beneficiaries, who are not parties to

7    this action. The document defining the terms of the

8    irrevocable trust, Exhibit 2, long pre-date this action

9    and the stipulated settlement. Exhibit 18 is the

10    trustmaster's amended trust designation, long ago

11    required by Exhibit 2 to be effectuated by year's end.

12    Public disclosure of these documents is unnecessary and

13    would reveal to the public private information regarding

14    the support set up for care of the Spencer minor

15    children, likely unknown and previously undisclosed to

16    them, and potentially subjecting them to harm, ridicule

17    and adverse publicity that could follow them throughout

18    their lifetimes (and the lives of their children) and cause

19    them significant future effort expense to address and

20    protect themselves and their privacy. SEC's excuse that

21    the documents appear to be "legal boilerplate" shows a

22    lack of understanding of the purpose of a trust, the

23    trustmaster and trustee's role in an irrevocable trust

24    and the legal significance of a trust document.

25    c. <u>Exhibit 3</u>: Excerpts from the October 23, 2023,

26    deposition SEC conducted of Mr. Spencer, with very

27    limited redactions, which like Exhibit 1, pertain to

28    highly sensitive and personal information related to Mr.

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1    Spencer, his family finances and family residence.

2    Public access to this information would be embarrassing

3    and subject Mr. Spencer and his family to improper

4    scrutiny, private spite and other forms of prejudice.

5    SEC's pointing to this document to establish that Mr.

6    Spencer personally lacks any significant available

7    financial resources can easily be done without publicly

8    disclosing his testimony to that effect. That evidence

9    also undercuts, incidently, the SEC's intended motion

10    for contempt.

11    d. Exhibit 4: A Zillow printout of the estimated value of

12    Mr. Spencer's home, which, while redacting the address,

13    provides a clear depiction of the residence of Mr.

14    Spencer and his family. Exhibit 4 is unnecessary to

15    disclose publicly and likely to lead to the harassment of

16    Mr. Spencer and non-party family members, including

17    minor children who up to today have lived safely in the

18    modest home with their parents. SEC's contention that

19    the page already is publicly available on the internet

20    through Zillow ignores that SEC associates that specific

21    residence with Mr. Spencer and his family in a way that

22    Zillow does not. It is not a matter of public significance

23    where the family lives and would not take much effort

24    for anyone to locate the home through Zillow for

25    purposes of stalking, harassing, vandalizing or

26    otherwise harming the family. Forcing Mr. Spencer and

27    his family to secure themselves from such unwanted

28    and potentially dangerous attention and harassment so

11

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1    that harm would not occur would be very burdensome
2    and could lead to significant effort and expense to
3    protect themselves from harm. If the SEC's allegations
4    of significant financial injury to customers of Red Rock
5    Financial are believed to be true, the danger posed is
6    real.

7    e. <u>Exhibits 5-16</u>: Bank of America bank statements for the
8    family's irrevocable trust, which reveal far more than
9    Mr. Spencer and his wife's current stream of income.
10    The statements itemize huge amounts of completely
11    irrelevant information that have nothing to do with the
12    anticipated motion for contempt, including where his
13    wife works as a public educator, where she gets her
14    nails done, how the family eats, the monthly mortgage
15    and home equity amounts, minor children's names and
16    activities, how bills are paid, where they go for
17    groceries, household needs, healthcare issues, auto
18    accident repairs, gasoline consumption, cash
19    withdrawals, credit card usage and payment practices,
20    all Venmo payments made including the names of the
21    third parties paid and reasons for the payments,
22    household energy consumption, after school and evening
23    activities of the minor children, the children's sports
24    activities and birthday celebrations, various places
25    where each minor child frequents, eats, snacks and
26    entertains, where the minor children attend school, and
27    innumerable details of regular family life – all unrelated
28    to the merits of the case and highly likely to embarrass

12

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1    and subject each of them and especially the minor
2    children, to threat of injury, harm, prejudice and shame.
3    Moreover, this is not "routine information" needed for
4    collection efforts, as SEC's Application to Seal states,
5    and its minimal redactions are insufficient.

6    f.  <u>Exhibit 17</u>: November 22, 2024, letter from Mr.
7    Spencer's counsel to SEC proposing an increased
8    monthly payment plan offer and providing input about
9    his financial circumstances. As SEC's Application to
10   Seal indicates, this letter constitutes part of
11   "discussions" between counsel for Mr. Spencer and SEC
12   regarding establishing his payment plan, has nothing to
13   do with the merits of the case and the public does not
14   need to know the personal information or legal
15   discussion it contains.

16   g.  <u>Exhibits 19 & 20</u>: Recent statements from Apple for the
17   personal credit cards used by Mr. Spencer, his wife and
18   their minor child, and which like Exhibits 5 through 16,
19   reveal huge amounts of personal, sensitive, and
20   completely irrelevant information on similar minutia of
21   everyday family life (including the preferences and
22   places frequented by his minor children and wife), that
23   is highly likely to embarrass and subject them,
24   especially the minor children to threat of injury, harm
25   and ridicule. Public access to this information would be
26   embarrassing and subject Mr. Spencer and his
27   individual family members to improper scrutiny, private
28   spite and other forms of ridicule and harm. Without

13

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1    emphasizing the obvious once more, there is no need for

2    SEC to disclose to the public places where family

3    members go or the regular personal habits and

4    whereabouts of Mr. Spencer's minor child. SEC's

5    proposed limited redactions do not over the good cause

6    that exists to seal this information. For example, just

7    because SEC has redacted dollar amounts for some

8    transactions does not adequately protect them from the

9    particularized harm discussed in detail in this

10    Declaration.

11    I declare under penalty of perjury under the laws of the United

12    States, that the foregoing is true and correct.

13    Executed November 26, 2024, at Los Angeles, California.

14

15                                    /s/ Judd Grutman

16                                    JUDD GRUTMAN

17

18

19

20

21

22

23

24

25

26

27

28

14

DECLARATION OF DESIGNATING PARTY IN SUPPORT OF
APPLICATION TO SEAL

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

3          I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

4

5

6          I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

7

8

9    Dated: November 26, 2024          /s/ Judd Grutman

10                                                              Judd Grutman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CERTIFICATE OF SERVICE