# EXHIBIT A

## <u>INSTRUCTIONS TO GARNISHEE</u>

You have been served with a Continuing Writ of Garnishment pursuant to 28 U.S.C. § 3205 and Federal Rule of Civil Procedure 69.  Pursuant to that Writ and § 3205, you are required to file a written answer with the Court Clerk within 10 days of receiving a copy of the Writ.  The Court Clerk's address is:  U.S. District Court for the Central District of California, United States Courthouse, 350 W. 1st Street, Ste. 4311, Los Angeles, CA 90012, Attn: Clerk.

## <u>YOUR ANSWER</u>

Section 3205 requires that your answer be under oath, and that it contain the following general information:

(A)    whether you have custody, control or possession of property in which the Defendant has an interest;

(B)    a description of such property and the value  of such interest;

(C)    a description of any previous garnishments to which Defendant's property is subject and the extent to which any remaining property is not exempt;

(D)    the amount of the debt the garnishee anticipates owing to the judgment debtor in the future and whether the period for payment shall be weekly or another specified period.

*See* 28 U.S.C. § 3205(c)(4).

A sample answer is attached as Exhibit B for your use.

You must serve a copy of your answer on Defendant and counsel for the SEC, whose addresses are listed on the face of the Writ.  *See* Fed. R. Civ. P. 5 for acceptable methods of service.  The same information is needed for the continuing writ for disgorgement.

## **IF YOU ARE A BANK OR FINANCIAL INSTITUTION**

If you are a bank or other financial institution, as defined in 12 U.S.C. § 3401(1), the Writ of Garnishment also serves as a subpoena, under 28 U.S.C. § 3015(a) and Fed. R. Civ. P. 45, requiring you to produce a statement for each account in which Defendant has an interest showing a history of the account from the date the Writ was served on you to the date you file your answer.  You may comply with this subpoena by attaching the statements to your answer.  Such a disclosure is authorized by the Right to Financial Privacy Act, 12 U.S.C. §§ 3413(e) and 3415.

As the recipient of a subpoena, you must comply with Federal Rule of Civil Procedure 45 and are entitled to the protections thereunder.

## **IF YOU ARE DEFENDANT'S EMPLOYER**

The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld.  The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld.  *See* Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

**EXHIBIT B**

**<u>SAMPLE ANSWER TO BE USED BY GARNISHEE</u>**

MAUREEN PEYTON KING (NY Bar No. 4119376)
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Email: kingmp@sec.gov
Telephone: (212) 336-0111

LOCAL COUNSEL:
STEPHEN KAM (Cal. Bar. No. 327576)
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Email: KamS@sec.gov
Telephone: (323) 302-7465
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>            Defendants. | Case No. 2:23-cv-3682-RGK-PVC<br><br>**GARNISHEE'S ANSWER TO POST-JUDGMENT CONTINUING WRIT OF GARNISHMENT PURSUANT TO 28 U.S.C. § 3205.** |

Having been served with a Continuing Writ of Garnishment, Garnishee hereby files this Answer in accordance with 28 U.S.C. § 3205.[1]  This Answer is being prepared by:

Name:

Title:

Address:

Phone Number:

### DESCRIPTION OF GARNISHEE

Garnishee files this Answer as:  (check those that apply)

☐      An Individual

    ☐      In my personal capacity.

    ☐      Doing business as,

    Name of d/b/a:

    Address:

    Phone Number:

☐      A Partnership; and Garnishee is:

    ☐      A general partner

---

[1] The answer will suffice for the disgorgement garnishment.

☐        A limited partner

Name of Partnership:

Address:

Phone Number:

☐        A Corporation

Name of Corporation:

Address:

Phone Number:

State of Incorporation:

Principal Place of Business:

### PRIOR GARNISHMENTS

For each previous garnishment involving Defendant which is still in effect, please provide the following information:

Date of Garnishment:

Property Subject to the Previous Garnishment:

### DESCRIPTION OF PROPERTY IN WHICH DEFENDANT HAS AN INTEREST

Garnishee states as follows:     (check those that apply)

☐        From the date the Writ of Garnishment was served to the date this Answer is being prepared, Garnishee has not had possession, custody or control of any property in which Defendant has an interest.

☐        Garnishee has possession, custody or control of the following non-earnings property in which Defendant has an interest:

Description of Property:

Approximate Value of Property:

Defendant's Interest in the Property:

☐    Garnishee anticipates having future possession, custody or control of the following non-earnings property in which Defendant will have an interest:

Description of Property:

Approximate Value of Property:

Defendant's Interest in the Property:

When Defendant Will Acquire An Interest in the Property:

☐    As Defendant's employer, Garnishee has possession, custody or control of earnings in which Defendant has an interest:

Defendant is paid: ☐ weekly, ☐ bi-weekly, ☐ semi-monthly, ☐ monthly

Date Previous Pay Period Ended:

Date Current Pay Period Ends:

a.    Defendant's Gross Pay:

b.    Federal Income Tax Withheld:

c.    F.I.C.A. Withheld:

d.    State Income Tax Withheld:

e.    Total Withholdings (b + c + d):

f.    Net Earnings (a - e):

### GARNISHEE'S CLAIMS

Garnishee makes the following claims:        (check those that apply)

☐    Garnishee makes the following claim of exemption on behalf of Defendant:

Amount of Exemption:

Nature of Exemption:

☐     Garnishee has the following objections, defenses, or set-offs against the United States' right to seek garnishment of Defendant's non-exempt property in Garnishee's possession, custody or control: (describe nature of objection, defense, or set-off)

### CERTIFICATE OF SERVICE

Garnishee certifies that it has served a copy of this Answer on both the:

☐     Defendant Jeffrey Ward
c/o Rebecca Torrey
The Torrey Firm
1626 Montana Avenue, Suite 647
Santa Monica, CA 90403

Date of Service:

Method of Service: (include address if service was by mail)

and

☐     Maureen Peyton King
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Room 20-100
New York, NY 10004

Date of Service:

Method of Service: (include address if service was by mail)

### OATH

Garnishee declares under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

Subscribed and sworn before me this _____ day of _____ 20___.

_____
Notary Public                       (SEAL)

Commission Expires:_____

**EXHIBIT C**

**NOTICE AND INSTRUCTIONS TO DEFENDANT**

A judgment was rendered against you in *SEC v. Red Rock Secured, et al.,* 2:23-cv-3682-RGK-PVC in the United States District Court for the Central District of California.  The SEC claims that the total amount owing under that Judgment for penalty and the post-judgment interest accrued thereon is $237,137.70, as of 11/13/24 (per diem of $32.55).

You are hereby given notice that in an attempt to collect on its judgment against you, the SEC has caused the Court to issue a Continuing Writ of Garnishment to the Garnishee.  With this Writ of Garnishment, the SEC is attempting to take your property, which may include a portion of your earnings, from the Garnishee.  *See* 28 U.S.C. § 3205; Federal Rule of Civil Procedure 69.

**YOUR RIGHT TO OBJECT TO THE GARNISHEE'S ANSWER AND REQUEST A HEARING**

Garnishee is required to file an answer within 10 days of receiving the Writ of Garnishment issued by the Court under the Federal Debt Collection Procedure Act.  No additional filing is required for the Disgorgement Writ.  Garnishee is required to serve a copy of its answer on you and the SEC.  Within 20 days after you receive a copy of the Garnishee's answer, you may file with the Court Clerk a written objection to the Garnishee's answer and request a hearing with the Court. You must state the specific grounds for your objection and bear the burden of proving such grounds at a hearing before the Court.  You must file your objection and request for hearing with the Court Clerk at:

U.S. District Court for the Central District of California,
United States Courthouse, Attn:  Clerk
350 W. 1st Street, Ste. 4311
Los Angeles, CA 90012

and

United States Securities and Exchange Commission
Maureen Peyton King
New York Regional Office
100 Pearl Street, Room 20-100
New York, NY 10004

The Court will hold a hearing on your objection within 10 days after your objection and request for hearing is received, or as soon thereafter as is practicable. Notice of the hearing date will be sent to all parties. Pursuant to statute, issues at such hearing shall be limited-

(1)    to the probable validity of any claim of exemption by you;

(2)    to the SEC's compliance with any statutory requirement for the issuance of the Writ of Garnishment; and

(3)    if the judgment was rendered against you by default, and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

(A)    the probable validity of the SEC's claim for the debt which has been merged into the judgment; and

(B)    the existence of good cause for setting aside such judgment.

*See* 28 U.S.C. § 3202(d).

If you do not file a timely objection to the Garnishee's answer, the property listed in the Garnishee's answer will be applied to the debt you owe the SEC.

## YOUR RIGHT TO CLAIM AN EXEMPTION

As mentioned above, there are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the SEC. You must bear the burden at a hearing set by the Court of showing that an exemption applies. The exemptions which you may claim are defined in 28 U.S.C. § 3014.

Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the State in which you have been domiciled for the majority of the 180 days prior to the filing of the SEC's Application for the Writ of Garnishment.  The property exempted under 11 U.S.C. § 522(d) and the applicable State's exemption statutes may, and probably will, be different.  You must choose which set of exemptions you want the Court to apply.

Exhibit D contains a list of the exemptions available under 11 U.S.C. § 522(d) and California law.  The statutes providing these exemptions may be amended from time to time. Also, the exemptions in the State in which you actually reside may be different than the exemptions listed in Exhibit D.  It is your responsibility to consult the appropriate federal and State exemption statutes to determine what your exemptions are.  The exemptions listed in Exhibit D are by way of example only.

## <u>YOUR RIGHT TO TRANSFER THIS ACTION TO ANOTHER FEDERAL DISTRICT</u>

If you think you live outside the Federal judicial district in which this Court is located, you may request, not later than 20 days after receipt of this Notice, that this proceeding to take your property be transferred by the Court to the Federal judicial district in which you do reside.  You must make this request in writing. Your request for a transfer must be filed with the Court Clerk at:

U.S. District Court for the Central District of California,
United States Courthouse, Attn:  Clerk
350 W. 1st Street, Ste. 4311
Los Angeles, CA 90012

You must also serve a copy of your request for a transfer on:

DB Miami, Inc.
c/o MY CPA PA
15800 Pines Blvd. Ste. 203
Pembroke Pines, FL 33027

Garnishee

and

United States Securities and Exchange Commission
Maureen Peyton King
New York Regional Office
100 Pearl Street, Room 20-100
New York, NY 10004

## **CONCLUSION**

Keep a copy of this notice for your records.  If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Court Clerk.  The Court Clerk is not permitted to give legal advice, but can refer you to other sources of information.

*See* Fed. R. Civ. P. 5 for permissible methods of service.

**Exhibit D**

**SAMPLE CLAIM FOR EXEMPTION**

**AND REQUEST FOR HEARING**

**<u>TO BE USED BY DEFENDANT</u>**

MAUREEN PEYTON KING (NY Bar No. 4119376)
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Email: kingmp@sec.gov
Telephone: (212) 336-0111

LOCAL COUNSEL:
STEPHEN KAM (Cal. Bar. No. 327576)
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Email: KamS@sec.gov
Telephone: (323) 302-7465
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>Defendants. | Case No. 2:23-cv-3682-RGK-PVC<br><br>**DEFENDANT'S CLAIM OF EXEMPTION AND REQUEST FOR A HEARING.** |

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Code. The Mandatory Victims Restitution Act (MVRA) provides that the only property that is exempt from enforcement (other than wage garnishment) of any MVRA debt is certain property that is exempt from levy under the Internal Revenue Code (IRC). 18 U.S.C. § 3613(a)(1). If your debt is the result of a judgment and conviction entered under the MVRA which orders the repayment of a fine or restitution, exemptions 1 through 11 are the **only** exemptions available to you. If your debt is not a result of a judgment entered under the MVRA, exemptions 12 through 19 are available to you.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

1. Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

2. Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$6,250** in value.

____3. Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $3,125 in value.

____4. Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

____5. Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

____6. Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

____7. Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

8. Judgments for support of minor children.--If the debtor is required by

judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

____9.   Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 1331, 32, 34, 35,37, or 39 of such Title 38.

____10.  Assistance under Job Training Partnership Act.  Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

____11.  Minimum exemptions for wages, salary and other income.  The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases.  The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.  The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

I claim that the following non-MVRA exemption(s) from garnishment which are              checked below apply in this case:

____12.  Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

____13.  Veterans' benefits (38 U.S.C. § 3101).

____13a.  Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

____14.  Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

____15.  Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

____16.  Longshoremen and Harbor workers Compensation Act (33 U.S.C. § 916).

____17.  Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

____17a.  Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 12 through 17 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____17b.   Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

_____18.   BANKRUPTCY CODE EXEMPTIONS CLAIM FORM

The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

1.   The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2.   The debtor's interest, not to exceed $2,950 in value, in one motor vehicle.

3.   The debtor's interest, not to exceed $475 in value in any particular item or $9,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4.   The debtor's aggregate interest, not to exceed $1,225 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5.   The debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6.   The debtor's aggregate interest, not to exceed $1,850 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7.   Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8.   The debtor's aggregate interest, not to exceed in value $9,850 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract

owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

10. The debtor's right to receive ---

    (A) a social security benefit, unemployment compensation, or a local public assistance benefit;

    (B) a veterans' benefit;

    (C) a disability, illness, or unemployment benefit;

    (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----

        (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

        (ii) such payment is on account of age or length of service; and

        (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

(11) The debtor's right to receive, or property that is traceable to ---

    (A) an award under a crime victim's reparation law;

    (B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    (D) a payment, not to exceed $18,450, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E)     a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(12)    Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

_____19.    Compensation for war risk hazards (42 U.S.C. § 1717).

### MAJOR EXEMPTIONS UNDER STATE LAW

**NOTE:**    The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:**    If you have selected the Bankruptcy Code exemptions listed above, you may <u>not</u> also claim the state law exemptions listed below.

**NOTE:**    The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:**    If you have selected the Bankruptcy Code exemptions (line 7 above), you may <u>not</u> also claim the state law exemptions listed below.

| Code Civ. Proc., § 703.140(b) | Type of Property | Amount of Exemption |
|---|---|---|
| (1) | The debtor's aggregate interest in real property or personal property that the debtor or a dependent of the debtor uses as a residence, or in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, | $24,060 |
| (2) | The debtor's interest in one or more motor vehicles | $ 4,800 |
| (3) | The debtor's interest in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor (value is of any particular item) | $ 600 |
| (4) | The debtor's aggregate interest in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor | $ 1,425 |
| (5) | The debtor's aggregate interest, plus any unused amount of the exemption provided under paragraph (1), in any property | $ 1,280 |
| (6) | The debtor's aggregate interest in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor | $ 7,175 |
| (8) | The debtor's aggregate interest in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent | $12,860 |
| (11)(D) | The debtor's right to receive, or property traceable to, a payment on account of personal bodily injury of the debtor or an individual of whom the debtor is a dependent | $24,060 |

| Code Civ. Proc. Section | Type of Property | Amount of Exemption |
|---|---|---|
| 704.010 | Motor vehicle (any combination of aggregate equity, proceeds of execution sale, and proceeds of insurance or other indemnification for loss, damage, or destruction) | $ 7,500 |
| 704.030 | Material to be applied to repair or maintenance of residence | $ 3,500 |
| 704.040 | Jewelry, heirlooms, art | $ 8,725 |
| 704.060 | Personal property used in debtor's or debtor's spouse's trade, business, or profession (amount of exemption for commercial motor vehicle not to exceed $4,850) | $ 8,725 |
| 704.060 | Personal property used in debtor's and spouse's common trade, business, or profession (amount of exemption for commercial motor vehicle not to exceed $9,700) | $17,450 |
| 704.080 | Deposit account with direct payment of social security or public benefits (exemption without claim, section 704.080(b))[1] | |
| | · Public benefits, one depositor is designated payee | $ 1,750 |
| | · Social security benefits, one depositor is designated payee | $ 3,500 |
| | · Public benefits, two or more depositors are designated payees[2] | $ 2,600 |
| | · Social security benefits, two or more depositors are designated payees[2] | $ 5,250 |
| 704.090 | Inmate trust account | $ 1,750 |
| | Inmate trust account (restitution fine or order) | $ 325 |
| 704.100 | Aggregate loan value of unmatured life insurance policies | $13,975 |

The statements made in this claim and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.  I hereby request a court hearing to decide the validity of my claims.  Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____
_____)
　　　　　　　Address　　　　　　　　　　　　　　　　　　Phone No.

_____
Debtor's printed or typed name

_____
Signature of debtor

_____
Date