MAUREEN PEYTON KING (NY Bar No. 4119376)
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Email: kingmp@sec.gov
Telephone: (212) 336-0111

LOCAL COUNSEL:
STEPHEN KAM (Cal. Bar. No. 327576)
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Email: KamS@sec.gov
Telephone: (323) 302-7465
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>Defendants. | Case No. 2:23-cv-3682-RGK-PVC<br><br>**WRIT OF CONTINUING GARNISHMENT PURSUANT TO 28 U.S.C. § 3205.**<br><br>**[ALTUS IG REAL ESTATE, LLC, BANK OF AMERICA, DB MIAMI, INC., MORGAN STANLEY SMITH BARNEY, LLC, YNWA CONSULTING LLC]** |

**TO: GARNISHEES ALTUS IG REAL ESTATE, LLC, BANK OF AMERICA, DB MIAMI, INC., MORGAN STANLEY SMITH BARNEY, LLC, YNWA CONSULTING LLC ("Garnishees"):**

The United States Securities and Exchange Commission ("SEC") has filed an application for a writ of continuing garnishment against the nonexempt funds, assets, and/or property of judgment debtor Jeffrey Ward ("Defendant") in the possession, custody, or control of Garnishees. The writ of continuing garnishment is an enforcement action by the United States against Defendant in connection with the civil penalty entered in *SEC v. Red Rock Secured, LLC, et al.*, 2:23-cv-3682-RGK-PVC by the U.S. District Court for the Central District of California.

(1) This Writ of Continuing Garnishment is issued against Defendant as to Garnishees for Defendant's nonexempt funds, assets, and/or property in the possession, custody, or control of Garnishees.

(2) On April 23, 2024, the Court imposed a penalty against Defendant of $230,464.

(3) As of November 13, 2024, Defendant owes $230,464.00 in penalty-principal, plus $6,673.70 with interest for a total of $237,137.70.  Interest is accruing at $32.55 per day.

(4) The name and address for each Garnishee is:

Altus IG Real Estate, LLC
180 N. Stetson Ave.
Chicago, IL 60601

Bank of America, N.A.
DE5-024-02-08, Christiana IV
800 Samoset Drive
Newark, DE 19713

DB Miami, Inc.
c/o Cosgrove Law Group, LLC
7800 Forsyth Boulevard, Suite 610
Clayton, MO 63105

YNWA Consulting LLC
12505 W. Jefferson Blvd.
Los Angeles, CA

Morgan Stanley Smith Barney, LLC
1633 Broadway
New York, NY 10019

(5) The address for Plaintiff is:
  U.S. Securities and Exchange Commission
  New York Regional Office
  100 Pearl Street, Suite 20-100
  New York, NY 10004

(6) Defendant's Social Security Number ends in -4154.  Defendant's last known address is in Playa Vista, California.

(7) Counsel for Plaintiff SEC is:
  Maureen Peyton King
  U.S. Securities and Exchange Commission
  New York Regional Office
  100 Pearl Street, Suite 20-100
  New York, NY 10004

(8) Counsel for Defendant are:
  Rebecca Torrey and Judd Grutman
  The Torrey Firm PC
  1626 Montana Ave., Suite 647
  Santa Monica, CA 90403

Pending further order of this Court, Garnishee is hereby directed to withhold and retain any property in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future.  If Garnishee fails to withhold property in  accordance with

this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's non-exempt interest in such property, plus a reasonable attorney's fee to the SEC.

Within 10 days of receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4) and shall respond therein to the following questions:

(A) Whether that Garnishee has possession, custody, or control of any property of Defendant;

(B) What is a description of the property and the value thereof;

(C) Whether that Garnishee owed Defendant any debt on the date the writ was served and the amount and basis of the debt; and

(D) Whether that Garnishee anticipates owing any debt to Defendant in the future.

Garnishee shall serve a copy of its answer on counsel for the SEC and Defendant, whose addresses are listed above. *See* Fed. R. Civ. P. 5 for acceptable methods of service.

**IT IS UNLAWFUL TO PAY OR DELIVER TO DEFENDANT ANY PROPERTY LEVIED UPON BY THIS WRIT UNTIL FURTHER ORDER OF THE COURT.** This Writ of Garnishment is a continuing writ and it will terminate only by:

    (A)    a court order quashing this Writ of Garnishment;

    (B)    exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation;  or

    (C)    satisfaction of the debt with respect to which this Writ is issued.

*See* 28 U.S.C. 3205(c)(10) for the Penalty.

If you are a bank or other financial institution, as defined in 12 U.S.C. § 3401(1), the Writ of Garnishment also serves as a subpoena, under 28 U.S.C. § 3015(a) and Fed. R. Civ. P. 45, requiring you to produce a statement for each account in which Defendant has an interest showing a history of the account from the date the Writ was served on you to the date you file your answer.  You may comply with this subpoena by attaching the statements to your answer.  Such a disclosure is authorized by the Right to Financial Privacy Act, 12 U.S.C. §§ 3413(e) and 3415.

As the recipient of a subpoena, you must comply with Federal Rule of Civil Procedure 45 and are entitled to the protections thereunder.

If you are Defendant's employer, The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld.  The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld.  *See* Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

The Garnishees shall forward payments to the Office of Financial Management, United States Securities and Exchange Commission, Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, HQ Bldg, Room 181, AMZ-34, Oklahoma City, OK 73169, with the notation that the payment is on behalf of Defendant, until Defendant's debt is paid in full or Garnishee no longer has custody or control of any property belonging to Defendant.

Dated this _____ day of _____ 2025.

_____
CLERK, UNITED STATES DISTRICT COURT

By: DEUPTY CLERK