# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

closed

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03682-RGK-PVC | Date | February 7, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Contempt**

On April 23, 2024, the Court entered a Final Judgment according to a settlement agreement between the Securities and Exchange Commission ("Plaintiff") and Anthony Spencer ("Defendant"). (ECF No. 150.) Per the Judgment, Defendant was ordered to pay roughly $2.4 million in disgorgement and prejudgment interest within thirty days. But by December of that year, Defendant has failed to pay so much as a cent.

On December 8, 2024, Plaintiff filed a Motion for Order to Show Cause why Defendant should not be held in civil contempt. (ECF No. 156.) Defendant opposed, arguing that he was excused from payment due to impossibility, as he could not pay the entire judgment. (ECF No. 166.) The Court disagreed with Defendant, finding that impossibility was not a complete defense because Defendant conceded that he could pay some of the judgment and his claimed inability to pay was due to his own decision to transfer millions of dollars in assets to an irrevocable trust that Defendant seemingly had unfettered access to, despite not being a trustee or beneficiary. *See SEC v. Bilzerian*, 112 F. Supp. 2d 12, 17 (D.D.C. 2000); *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1521 (11th Cir. 1986). Accordingly, on January 14, 2025, the Court ordered Defendant to show cause in writing why he should not be held in contempt, and to the extent that he is unable to pay the full judgment, propose a payment schedule commensurate with his ability to pay, as established by evidence.

On January 28, 2025, Defendant responded. (ECF No. 175.) Defendant once again insists that he is unable to pay the entire amount due to his assets being tied up in the irrevocable trust. He then proposes an upfront payment of $6,592 from an inherited precious metals IRA and monthly payments of $325 from his wife's income, representing about 3% of her income and his family's monthly $11,400 expenses. But after he gains employment, Defendant would then pay $1,521 per month. In Reply, Plaintiff argues that the Court should reject this proposal. (ECF No. 176.) Plaintiff argues that Defendant's proposal is not commensurate with his ability to pay chiefly because it excludes the irrevocable trust's assets. Plaintiff also argues that the $325 monthly payments are far too small due to Defendant's unreasonably high $11,400 monthly expenses.

UNITED STATES DISTRICT COURT     closed
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | February 7, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

    The Court agrees with Plaintiff. Although the validity of the irrevocable trust is unsettled, it is clear that Defendant is responsible for moving millions of dollars of assets into it, and thus, cannot use the trust as an excuse to avoid paying millions of dollars now. And Defendant's $325 pittance based on his wife's $11,400 income and monthly expenses is plainly unreasonable. There are myriad ways that Defendant could and should reduce his expenses to make greater payments. Defendant is not "entitled simply to continue living in the style to which he has accustomed himself" in a manner that "consumes all his current income"; he must comply with the Court's judgment "even if it would require some real sacrifice." *S.E.C. v. Musella*, 818 F. Supp. 600, 611 (S.D.N.Y. 1993).

    In its Reply, Plaintiff requests that the Court find Defendant in contempt and order Defendant to: (1) make an initial payment of $1 million within 15 days of the entry of the Court's Order from the trust's assets; (2) enter into a payment plan acceptable to Plaintiff within 45 days; (3) cause the trust to execute a mortgage in favor of Plaintiff on all real estate owned by the trust; and (4) refrain from drawing down Defendant's home equity line of credit. While these requests are generally appropriate, Plaintiff does not provide any authority suggesting that the Court has jurisdiction to issue orders against the trust directly, particularly in the trustee's absence. Accordingly, the Court **FINDS** Defendant **in contempt** and **ORDERS** Defendant to:

    (1) make an initial payment of $1 million within 15 days of the entry of this Order;

    (2) enter into a payment plan acceptable to Plaintiff within 45 days; and

    (3) refrain from drawing down his home equity line of credit.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |