MAUREEN PEYTON KING (NY Bar No. 4119376)
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Email: kingmp@sec.gov
Telephone: (212) 336-0111

LOCAL COUNSEL:
STEPHEN KAM (Cal. Bar. No. 327576)
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Email: KamS@sec.gov
Telephone: (323) 302-7465
Facsimile: (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>Defendants. | Case No. 2:23-cv-3682-RGK-PVC<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF REMOVAL**<br><br>Judge:         Hon. R. Gary Klausner<br>Hearing Date:  not set<br>Time:<br>Location:<br><br>Action Filed:  May 15, 2023<br>Post-Judgment. |

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Notice of Removal pursuant to 28 U.S. Code § 1442 to remove an action pending in state court, Superior Court of the State of California for the County of Los Angeles – Central District ("State Court"), to this Court. Removal is appropriate because the state court Petitioner, Spencer Elliott Living Trust ("SELT") seeks relief that may

limit the SEC's right to collect from SELT's assets and may create conflicting decisions in this Court and the State Court. In support thereof the SEC advises the Court as follows:

1. On March 20, 2025, SELT filed a petition in State Court, which essentially seeks to limit what SELT pays out in connection with the SEC Final Judgment. DE 189-9.
2. Although the SEC is not a party to the action, a ruling from the State Court could hinder the SEC's ability to collect from SELT's assets to satisfy the April 23, 2024 Final Judgment entered against Defendant Anthony Spencer ("Spencer") in this case.
3. 28 U.S. Code § 1442(a)(1) permits: "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to…any agency [of the United States]…for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for…the collection of the revenue."
4. The Final Judgment required Spencer to pay the SEC approximately $2.4 million in disgorgement and prejudgment interest ("Disgorgement Obligation") within 30 days of entry of the April 23, 2024 Final Judgment.
5. Spencer has not yet fully paid what he owes the SEC.
6. The SEC is seeking to collect what Spencer owes from SELT.
7. Accordingly, the State Court action is removable to this Court.
8. The Petition is filed on the docket at entry 187-9. The remainder of the State Court docket obtained by the SEC is attached hereto.

9. SEC counsel first received notice of this action on March 24, 2025. SELT's counsel also mailed copies of the filings to the SEC in an envelope postmarked March 21, 2025.  Thus, the request for removal is timely.

Respectfully submitted,

Dated: April 11, 2025

*/s/ Maureen Peyton King*
Maureen Peyton King
Attorney for Plaintiff
Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, N.Y. 10004-2616
Email:  kingmp@sec.gov
Telephone: (212) 336-0111

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
100 Pearl Street, Suite 20-100, New York, NY 10004-2616
Telephone No. (212) 336-0111

On April 11, 2025, I caused to be served the document entitled
**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF REMOVAL**
(and attachments thereto) on all the parties to this action:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 11, 2025         /s/ Maureen Peyton King
                             Maureen Peyton King