UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | April 29, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Motion for Civil Contempt Sanctions [DE 186]**

On April 23, 2024, the Court entered a Final Judgment according to a settlement agreement between the Securities and Exchange Commission ("Plaintiff") and Anthony Spencer ("Defendant"). (ECF No. 150.) Per the Judgment, Defendant was ordered to pay roughly $2.4 million in disgorgement and prejudgment interest within thirty days. But by December of that year, Defendant had failed to pay so much as a cent.

On January 14, 2025, the Court ordered Defendant to show cause in writing why he should not be held in contempt for his nonpayment. (ECF No. 173.) Defendant responded, arguing that payment was impossible because he did not have millions of dollars in assets, proposing a payment plan consisting of an upfront payment of $6,592 from an inherited IRA and monthly payments of $325 from his wife's income. (ECF No. 156.) However, the Court found this argument unconvincing. The Court found that Defendant had little assets because he had transferred virtually all of his assets to an irrevocable trust before, during, and after the litigation. Consequently, his claimed impossibility was self-inflicted and not an excuse. The Court further found that his proposed payment plan was inadequate, as it assumed fixed monthly expenses of roughly $11,400, which appeared unreasonable. Accordingly, the Court found Plaintiff in contempt and ordered him to:

(1) make an initial payment of $1 million within 15 days;

(2) enter into a payment plan acceptable to Plaintiff within 45 days; and

(3) refrain from drawing down his home equity line of credit.

(ECF No. 180.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | April 29, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

Since that Order, Defendant has unsurprisingly failed to make the $1 million initial payment or enter into a payment plan. Accordingly, Plaintiff now brings the instant Motion for Civil Contempt Sanctions, seeking to imprison Defendant until he complies with the Court's Order. (ECF No. 186.)

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). Civil contempt "consists of a party's disobedience to a specific and definite court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). To establish a prima facie case for civil contempt, the moving party must show, by clear and convincing evidence, that the non-moving party disobeyed a specific and definite court order, and that such disobedience was (1) beyond substantial compliance, and (2) not based on a good faith and reasonable interpretation of the Court's order. *Id.*

When a defendant has failed to pay previous contempt sanctions, a district court may order the defendant to be imprisoned. *See, e.g.*, *In re Count Liberty, LLC*, 370 B.R. 259, 286 (C.D. Cal. Bankr. 2007). In such cases, imprisonment is "not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do." *United States v. Yates*, 107 F. Supp. 412, 414 (S.D. Cal. 1952). If a defendant is imprisoned, the defendant can end the sentence by doing what the court initially required of him or her. *Id.* Essentially, the defendant "carries the keys of his prison in his own pocket." *Id.*

Here, imprisonment is not appropriate. While it is undisputed that Defendant's trust has the assets to make the $1 million initial payment, there is no indication that Defendant has access to the trust. The trust is irrevocable and Defendant is neither trustee nor beneficiary. Imprisonment therefore would not serve a remedial purpose, as Defendant would be powerless to comply, and not "carr[y] the keys of his prison in his own pocket."

Accordingly, the Court **DENIES** Plaintiff's Motion for Civil Contempt Sanctions.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | MAL/sf |