UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | May 27, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Spencer and Ward's Motions for Relief from Judgment [DEs 198, 199]**

On August 11, 2023, the Securities and Exchange Commission ("Plaintiff") filed a First Amended Complaint against Anthony Spencer and Jeffrey Ward (collectively, "Defendants"), alleging that they participated in an unlawful scheme to defraud customers by selling gold and silver at undisclosed markups as high as 130%. (ECF No. 37.) On April 23, 2024, the Court entered a Final Judgment according to a settlement agreement. (ECF No. 150.) Per the terms of the Judgment, Defendants were ordered to refrain from certain conduct and pay millions of dollars in disgorgement, based partly on their unlawful gains.

Spencer failed to make the ordered payment, claiming that he was unable to do so because most of his assets had been transferred to an irrevocable trust. As a result, the Court found Spencer in contempt and ordered him to make an immediate payment and enter into a payment plan acceptable to Plaintiff. (ECF No. 180.) But Spencer failed to make the immediate payment, and he and Plaintiff were unable to agree upon a payment plan. Consequently, Plaintiff requested that Spencer be imprisoned. However, the Court denied the request, finding that there was insufficient evidence that imprisonment would be an effective contempt sanction, as there was no indication that Spencer had the power to release the necessary funds from the irrevocable trust. (ECF No. 200.)

Presently before the Court are Defendants' Motions for Relief from Judgment under Federal Rules of Civil Procedure ("Rules") 60(b)(5) and 60(b)(6). (ECF Nos. 198, 199.) Defendants argue that the payment terms of the Final Judgment should be vacated due to recent, post-judgment developments. Specifically, Defendants argue that the record high prices of gold and silver warrant revisiting the amount of disgorgement. And, as to Spencer only, Plaintiff has repudiated the Final Judgment by refusing to agree to a payment plan. Defendants miss the mark.

First, Rule 60(b)(5) is inapplicable. Rule 60(b)(5) allows a court to relieve a party from a final judgment if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | May 27, 2025 |
|---|---|---|---|
| Title | **Securities and Exchange Commission v. Red Rock Secured, LLC et al.** | | |

Defendants contend that they may vacate the payment terms of the Final Judgment under this rule because applying the payment terms prospectively is no longer equitable. However, a monetary judgment is not a form of prospective relief. Prospective relief must be "executory or . . . involve[] the supervision of changing conduct or conditions." *FTC v. Hewitt*, 68 F. 4th 461, 466–67 (9th Cir. 2023). A monetary judgment is not executory, nor does it involve any supervision of conduct or conditions. *Id.*; *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) ("[M]oney judgment does not have prospective application . . . relief from a final money judgment is therefore not available under the equitable leg of Rule 60(b)(5).").

Second, neither of these post-judgment developments warrant Rule 60(b)(6) relief. Rule 60(b), which enumerates several common grounds for seeking relief, includes Rule 60(b)(6) as a catch-all that allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While broad on its face, the Ninth Circuit has cautioned against excessive use of this rule, emphasizing that it should be "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). As a result, Rule 60(b)(6) relief is seldom granted, especially for stipulated final judgments, as "Rule 60(b) does not allow district courts to indulge a party's discontent over the effects of the party's bargain." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

Neither of Defendants' proffered reasons for relief meet this high standard. Defendants' quibbles over the price of gold and silver are unavailing. It is unclear how these prices have any bearing on the payment terms of the Final Judgment. Defendants suggest that their customers were not harmed because the current high prices have offset their losses. Not so. Defendants allegedly defrauded their customers by charging outrageous markups. Whether those customers *might* be able to make a profit *despite* those markups does not change the fact that they were harmed. If not for the markups, the customers could, and should, have made even more money. Even then, to the extent that any aspect of the payment terms was based on the forecasted price of gold and silver, Defendants agreed to be bound by those terms, and ultimately bore the risk that those terms would prove unfavorable.

As to Spencer, his arguments about his inability to secure a payment plan fare no better. Spencer offers no evidence to suggest that Plaintiff has refused to accept a payment plan in bad faith, so as to constitute a repudiation of the Final Judgment. There is no indication that Spencer has since proposed a reasonable payment plan that Plaintiff has unreasonably rejected. Indeed, during the contempt proceedings, Spencer included a proposed payment plan that the Court rejected, finding it unreasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | May 27, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

Accordingly, the Court **DENIES** Defendants' Motions for Relief.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | mal/sf |