1 Michael V Schafler (Bar No. 212164)
Email: mschafler@cohen-williams.com
2 Marc S. Williams (Bar No. 198913)
Email: mwilliams@cohen-williams.com
3 Brittany L. Lane (Bar No. 323440)
Email: blane@cohen-williams.com
4 COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
5 Los Angeles, CA 90014
Telephone: (213) 232-5160
6 Facsimile: (213) 232-5167

7 Attorneys for Defendant Sean Kelly

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RED ROCK SECURED, LLC, SEAN KELLY, ANTHONY SPENCER, AND JEFFREY WARD,<br><br>    Defendants. | Case No. 2:23-cv-03682-RGK (PVCx)<br><br>Assigned to Hon. R. Gary Klausner<br><br>**DEFENDANT SEAN KELLY'S RESPONSE TO ORDER TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT**<br><br>Complaint Filed:     May 15, 2023 |

## I. INTRODUCTION

On July 16, 2025, this Court issued an Order requiring Defendant Sean Kelly to show cause why he should not be held in civil contempt for failing to pay Plaintiff Securities and Exchange Commission ("SEC") the approximately $3.5 million Judgment entered against him in this case. (ECF 230.) In its Order, the Court stated: "To the extent that Defendant lacks the resources to pay the full $3.5 million Judgment, Defendant may propose a payment schedule commensurate with his ability to pay, as established by evidence." (*Id.* at 3.) The Court should not hold Mr. Kelly in contempt because he cannot possibly pay the entire judgment; he has now liquidated his personal property of value and sent the proceeds to the SEC;[1] and he is committed to making monthly payments commensurate with his ability to pay.

The SEC does not contend that Mr. Kelly is capable of paying the entire Judgment or that he is hiding assets. As demonstrated by Mr. Kelly's current Statement of Financial Condition (Kelly Decl. ¶3, Exh. 2), Mr. Kelly is in a weak financial situation, with liabilities that greatly exceed his family's assets, and monthly expenses that exceed the family's combined monthly income. Mr. Kelly has not had steady income since before he shut down Red Rock Secured, LLC ("Red Rock") in the wake of the civil lawsuits filed by the SEC and CFTC. (Kelly Decl. ¶5.) As part of the resolution of those lawsuits, Mr. Kelly not only closed his metals business, but also agreed to be barred from working in the industry he has worked in for decades. (*CFTC, et al. v. Red Rock Secured, LLC, et al.*, Case No. 2:23-cv-03680-RGK (PVCx), ECF 129 ¶280.) The SEC and CFTC cases, the demise of Red Rock, and the U.S. Attorney's Office's investigation of Mr. Kelly have not only been financially ruinous for him, but they have also devastated him emotionally, put

---

[1] Mr. Kelly has submitted a declaration in support of this Response to the Order to Show Cause. At the time Mr. Kelly signed his declaration, he had not yet sent the payment to the SEC from the proceeds of his liquidated personal property. As of the time this Response to the Order to Show Cause was completed, however, counsel has been informed that payment has now been sent to the SEC.

1
DEFENDANT SEAN KELLY'S RESPONSE TO OSC WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT

significant stress on his marriage, and alienated him from friends. (Kelly Decl. ¶5.) Mr. Kelly's reputation has also suffered significantly as a result of the SEC and CFTC cases and the public press releases relating to them. (*Id.*)

Mr. Kelly nonetheless is committed to rebuilding his financial situation. (Kelly Decl. ¶6.) He sold his family's home in Porter Ranch, California to downsize and move to Colorado. (*Id.* ¶8.) Mr. Kelly is currently in the start-up phase of two new businesses to support his wife and three children, in addition to promptly paying his debts. (*Id.* ¶6.) Starting these ventures has been challenging, and Mr. Kelly has been able to generate only around $1,800 per month in commissions from one of the start-ups. (*Id.* ¶6, Exh. 2 at Sec. II.A.) Mr. Kelly's wife, who was not a party to the aforementioned lawsuits or the Judgment in this case, started working again as a consultant earlier this year and earns $6,950.08 per month after taxes. (Kelly Decl. ¶6.)

Mr. Kelly wants to pay the amounts owing under the Judgment in the SEC case and the Consent Order in the CFTC case, but it would be financially devastating to his family (including his wife and two young children) and impracticable to make any substantial payment at this time. (*See* Kelly Decl. ¶4.) Mr. Kelly is fully committed to moving forward and rebuilding, both personally and professionally. (*Id.* ¶6.) He is doing his best to establish sustainable sources of income. (*Id.*) He is only able to make monthly payments of $250 in the near term. (*Id.*) If he is able to grow his businesses or if his financial situation otherwise improves, he is committed to making larger payments. (*Id.*)

Further, Mr. Kelly has been working with the SEC in good faith to reach a payment plan since the Judgment was entered in this action. (*See* ECF 220-1 [Williams Decl.].) Mr. Kelly has made best efforts to answer any questions that the SEC has asked him concerning his financial condition, and he stands ready to continue providing such information. (*Id.* ¶¶7, 14.) Mr. Kelly is not aware of any unanswered question that the SEC has asked. (*Id.* ¶7.) He has liquidated his personal property, including watches and silver coins, and paid the proceeds to the SEC. (*Id.* ¶¶10, 11.) And he is committed to making monthly payments commensurate with his ability to pay in light of his current

financial condition.

For these reasons, Mr. Kelly should not be held in civil contempt.

## II. FACTUAL BACKGROUND

### A. Mr. Kelly's Weak Financial Condition

Mr. Kelly previously provided the SEC with a sworn Statement of Financial Condition that reflected his family's financial condition as of approximately August 2024. (Kelly Decl. ¶2, Exh. 1; *see also* ECF 219-3.) With this Response to the Order to Show Cause, Mr. Kelly completed a new sworn Statement of Financial Condition to reflect his family's current financial condition, as of July 2025. (Kelly Decl. ¶3, Exh. 2.) As demonstrated by Mr. Kelly's current Statement of Financial Condition, Mr. Kelly is in a weak financial situation, with liabilities (including more than $500,000 in unpaid legal fees) that greatly exceed his family's assets, and monthly expenses that exceed the family's combined monthly income. (*Id.*)

As noted, Mr. Kelly has struggled to earn income since he shut down Red Rock following the civil lawsuits filed by the SEC and CFTC. Mr. Kelly is attempting to rebuild his financial situation through entrepreneurship and is currently in the start-up phase of two new businesses: (1) Global Market News – a newsletter platform that is intended to generate revenue primarily through advertising and sponsored content; and (2) Kelly Merchant Solutions – a payment processing company that provides credit card processing and merchant services to small businesses. (Kelly Decl. ¶6.) Starting these ventures has been challenging, and Mr. Kelly has been able to generate only around $1,800 per month in commissions in connection with the newsletter platform business. (*Id.* ¶6, Exh. 2 at Sec. II.A.) However, he is working diligently to get the businesses operational and profitable. (Kelly Decl. ¶6.) Mr. Kelly's wife started working again as a consultant earlier this year and earns $6,950.08 per month after taxes. (*Id.*)

The Kelly family's largest asset is their house in Colorado. (Kelly Decl. ¶8.) Before the Judgment and Consent Order were entered in the SEC and CFTC cases, Mr. Kelly and his wife sold their family home in Porter Ranch, California to downsize, and move to

Colorado to take advantage of a lower cost of living. (*Id.*) Mr. Kelly co-owns his house in Colorado with his wife. (*Id.*) They have approximately $1.2 million in equity in the home. (*Id.* ¶8, Exh. 3.) With Mr. Kelly owing $4.35 million under the Judgment and Consent in the SEC and CFTC cases, and earning very little income, he has not been able to obtain a home equity line of credit ("HELOC"), despite attempting to obtain one to pay down the Judgment in this case. (Kelly Decl. ¶9.)

### B. Mr. Kelly's Substantial Efforts to Comply and Cooperate with the SEC

As previously explained to the Court, Mr. Kelly has, at all times since the Judgment was entered, complied with all of the SEC's requests for information and made diligent and good faith efforts to reach a workable payment plan with the SEC. (ECF 220-1 [Williams Decl.].) Since the Court issued the Order to Show Cause, Mr. Kelly has made best efforts to sell the personal property that he said he would, including selling five watches and all of his silver coins for a total of $13,645. (Kelly Decl. ¶¶10-11, Exhs. 5-6.)[2] Mr. Kelly is in the process of sending payment of that amount to the SEC. (Kelly Decl. ¶¶10-11.)

## III. THE COURT SHOULD NOT HOLD MR. KELLY IN CONTEMPT

Mr. Kelly's failure to comply with the Judgment should be excused due to impossibility. *United States v. Rylander*, 460 U.S. 752, 757 (1983). To show compliance is impossible, the defendant must show "categorically and in detail" why he could not comply. *NLRB v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973). However, when the order at issue is a money judgment, impossibility "is only a complete defense if he cannot pay any of the judgment; otherwise, he must pay what he can." *SEC v. Bilzerian*, 112 F.Supp.2d 12, 17 (D.D.C. 2000) (collecting cases), aff'd, 75 F.App'x 3 (D.C. Cir. 2003).

---

[2] Mr. Kelly did not sell his Apple watch due to its low value. (Kelly Decl. ¶10.) Mr. Kelly tried to sell the Trek Speed Concept Road Bicycle listed on his August 2024 Statement of Financial Condition (Kelly Decl. Exh. 1), but he was not able to sell it due to its damaged condition. (Kelly Decl. ¶12, Exh. 7.)

Mr. Kelly is not capable of paying the Judgment and has made best efforts to comply. Nobody disputes that Mr. Kelly cannot possibly pay the entire Judgment or even just the portion that is based on disgorgement and interest. Nor is there any question that the Kelly family's expenses exceed their income, even if they could trim expenses around the edges. And nobody is arguing that Mr. Kelly is hiding assets or sitting on liquid cash with which he could meet his financial obligations.

Still, Mr. Kelly has taken substantial steps to pay down the Judgment. He has cooperated with the SEC since entry of the Judgment to reach a payment plan. Further, since the Court issued its Order to Show Cause, Mr. Kelly has liquidated the personal property he had of value and paid the lump sum of those proceeds to the SEC. (*See* Kelly Decl. ¶¶10-12, Exhs. 5-7.) He also proposes an ongoing payment plan of $250 per month, until his financial condition improves and he is able to pay a larger sum.

Short of selling the family home, Mr. Kelly can only offer a modest monthly payment plan. When Mr. Kelly settled the SEC and CFTC lawsuits, after an extensive mediation process with former Chief Magistrate Judge Patrick Walsh, he and his counsel never expected the SEC to seek to force Mr. Kelly, his wife, and their two young children out of their only home.

Other than his home, Mr. Kelly's largest personal asset is his car, which the SEC has demanded he sell. If Mr. Kelly sells his car, that will just mean that he will have to pay for a new car in order to have transportation for potential work or to help with his children.[3]

The SEC has also suggested that Mr. Kelly should liquidate his children's education accounts. However, the SEC has not provided a specific legal basis for its request that Mr. Kelly liquidate his children's 529 plans—which are not held in Mr. Kelly's name and

---

[3] On Mr. Kelly's August 2024 Statement of Financial Condition (Kelly Decl. Exh. 1), he estimated the value of his car at $50,000. For his current Statement of Financial Condition (Kelly Decl. Exh. 2), he sought a more particularized estimate that included the mileage on his car. (Kelly Decl. ¶13.) He obtained estimates of $31,600 (from Carvana), $29,872 (from Kelley Blue Book), and $28,000 (from CarMax). (*Id.* Exh. 8.)

are set aside solely for educational purposes. Nor has the SEC acknowledged that liquidation of the 529 plans would result in penalties and taxes that would greatly deplete their value, yielding little gain to the SEC for such a drastic measure and effectively punishing Mr. Kelly's wife and children, who had no role in the settlement of this action.

Mr. Kelly's financial disclosures demonstrate that even a modest payment plan of several hundred dollars per month, which Mr. Kelly is committed to paying, will be a stretch for Mr. Kelly, who is continuing to incur significant legal fees with the ongoing proceedings in this action as well as the continuing criminal investigation.

Under these circumstances, and given Mr. Kelly's full cooperation and good faith efforts, including his liquidation of personal property and commitment to make a monthly payment of approximately $250, we respectfully submit that this is not the appropriate time to hold Mr. Kelly in contempt. Mr. Kelly is not flaunting this Court's orders or deliberately ignoring his obligations. The Court should not hold Mr. Kelly in contempt. We ask that the Court give Mr. Kelly and his family time to turn their lives around and get started on working down their debt in these cases with a very modest payment plan.

## IV. CONCLUSION

For the foregoing reasons, Mr. Kelly respectfully requests that the Court not hold him in contempt.

Dated: July 30, 2025

Respectfully submitted,

**COHEN WILLIAMS LLP**

By:    */s/ Marc S. Williams*
      Michael V Schafler
      Marc S. Williams
      Brittany L. Lane
      Attorneys for Defendant,
      Sean Kelly

**LOCAL RULE 11-6.1 CERTIFICATION**

The undersigned, counsel of record for Defendant Sean Kelly, certifies that this brief contains 2,147 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order, and is no more than 10 pages in length pursuant to the Court's July 16, 2025 Order to Show Cause.

Dated: July 30, 2025

Respectfully submitted,

**COHEN WILLIAMS LLP**

By: _/s/ Marc S. Williams_
Michael V Schafler
Marc S. Williams
Brittany L. Lane
Attorneys for Defendant Sean Kelly