# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-03682-RGK-PVC | Date | August 14, 2025 |
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Contempt [219]

On April 23, 2024, the Court entered a Final Judgment according to a settlement agreement between the Securities and Exchange Commission ("Plaintiff") and Sean Kelly ("Defendant"). (ECF No. 150.) Per the Judgment, Defendant was ordered to pay approximately $2.0 million in disgorgement and $1.5 million in civil penalties to Plaintiff. But more than fifteen months later, Defendant has failed to pay so much as a cent.

On June 11, 2025, Plaintiff filed a Motion for Order to Show Cause why Defendant should not be held in civil contempt. (ECF No. 219.) Defendant opposed, arguing that he was excused from payment due to impossibility, as he could not pay the entire judgment. (ECF No. 220.) The Court disagreed with Defendant, finding that impossibility was not a complete defense because Defendant conceded that he could pay some of the judgment. *See SEC v. Bilzerian*, 112 F. Supp. 2d 12, 17 (D.D.C. 2000). Accordingly, on July 16, 2025, the Court ordered Defendant to show cause in writing why he should not be held in contempt, and to the extent that he is unable to pay the full judgment, propose a payment schedule commensurate with his ability to pay, as established by evidence.

On July 30, 2025, Defendant responded. (ECF No. 236.) Defendant concedes that he can pay some of the judgment, but argues that rather than hold him in contempt, the Court should impose a payment plan of $250 per month based on his poor financial condition. As according to Defendant, though his family has roughly $1.9 million in assets, it also has $5.2 million in liabilities, for a net worth of negative $3.3 million. But as Plaintiff points out, there are multiple issues with Defendant's position.

First, Defendant offers no explanation for why his supposedly poor financial condition or desire for a lenient payment plan would excuse him from contempt. As the Court previously explained, whereas a complete inability to pay would be a complete defense to contempt, partial inability to pay would not. The mere fact that Defendant has proposed a payment plan, however low, demonstrates a partial ability to pay that would support contempt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03682-RGK-PVC | Date | August 14, 2025 |
|---|---|---|---|
| Title | *Securities and Exchange Commission v. Red Rock Secured, LLC et al.* | | |

Second, Defendant offers no explanation for why he should be entitled to keep all of his $1.9 million in assets. Defendant's assets include hundreds of thousands of dollars in cash[1], as well as a nearly $1.2 million home, and a suspiciously low-valued BMW. And, over the course of the past year, those assets have largely stayed the same, suggesting that those assets could be liquidated for an upfront payment without serious hardship.

And third, it appears that $250 per month is far below Defendant's ability to pay. Defendant admits that his family's income is roughly $9,700 per month. $250 represents less than 3% of that income. While Defendant argues that this is the most he can reasonably pay because his monthly expenses total roughly $9,200, the Court is not convinced that those monthly expenses are reasonable and cannot be pared down. After all, Defendant is not "entitled simply to continue living in the style to which he has accustomed himself" in a manner that "consumes all his current income"; he must comply with the Court's judgment "even if it would require some real sacrifice." *S.E.C. v. Musella*, 818 F. Supp. 600, 611 (S.D.N.Y. 1993).

Accordingly, the Court **FINDS** Defendant **in contempt** and **ORDERS** Defendant to:

(1) make an initial payment of $10,000 within 5 days of the entry of this Order;

(2) turnover, within 15 days of the entry of this Order, approximately $250,000 in proceeds from the following liquidated assets (with an accounting of each transaction):

   (i) the 2021 BMW estimated at $30,000;

   (ii) two 529 plans for Defendant's minor children funded estimated at $225,000; and

   (iii) a cashier's check from Native American Bank estimated at $3,000–$4,000;

(3) provide accountings and 12 months of bank statements for all entities, including but not limited to trusts and LLCs, held directly or indirectly by Sean Kelly or Monique Kelly (under these names or any alias) within 30 days of the entry of this Order;

(4) make a payment within 120 days of $600,000; and

(5) enter into a payment plan satisfactory to Plaintiff within 120 days.

**IT IS SO ORDERED.**

JRE/sf

---

[1] To be sure, Defendant asserts that all but $11,000 of this cash belongs to his wife as separate property or is contained in 529 college savings plans for his minor children. However, Defendant does not provide any support for his assertion that any cash purportedly belonging to his wife would be considered separate property rather than community property. Nor does he explain why the 529 plans cannot be disturbed considering that he retains control over them, not his minor children.